IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CALHOUN, | ) | CASE NO. 1:10 CV 2083 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, Warden, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

I have before me by referral[1] the *pro se* petition of William Calhoun for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Calhoun is currently incarcerated at the Trumbull Correctional Institution in Leavittsburg, Ohio. He is serving a life sentence without the possibility of parole imposed in 2008 by the Cuyahoga County Court of Common Pleas.[3] The court entered a judgment of conviction and sentence, after a mixed bench/jury trial, for aggravated murder, attempted murder, felonious assault, retaliation, having a weapon under disability, and carrying a concealed weapon.[4]

---

[1] The matter was referred to me pursuant to General Order 2011-2 by non-document order dated January 18, 2011.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.*

In his petition Calhoun raises three grounds for relief.[5] The State in its return of the writ urges dismissal of that petition as untimely.[6] Alternatively, the State argues dismissal of the petition as procedurally defaulted on all grounds.[7] Calhoun did not file a traverse.

For the reasons that follow, I will recommend dismissing the petition as procedurally defaulted.

## Facts

### A.     Background

The relevant facts are not extensive. As noted by the state appeals court,[8] Calhoun was indicted in 2007 for killing Curtis Johnson.[9] The killing occurred three days before Johnson was to testify at trial that Calhoun had previously shot Johnson to keep him from testifying at an earlier trial.[10]

After his indictment on ten counts, including aggravated murder,[11] Calhoun waived his right to a jury trial on five counts (involving past offenses and weapons), resulting in the

---

[5] *Id.* at 5 A-J.

[6] ECF # 9.

[7] *Id.*

[8] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[9] ECF # 9, Attachment (state record), Ex. 9 (state appeals court decision) at 6.

[10] *Id.*

[11] ECF # 9, Attachment, Ex. 1.

fact finder at trial being either the bench or the jury depending on the specific charge.[12] Calhoun was convicted on all counts.[13] In accordance with the jury's recommendation, the court sentenced him to life without parole for the capital murder conviction, such sentence to run consecutively to a 23-year sentence imposed for his additional convictions.[14]

Calhoun, through counsel, thereupon appealed the conviction and sentence.[15] In his brief Calhoun primarily challenged as hearsay the admission of Johnson's dying declaration identifying Calhoun as the shooter.[16] He also contested two procedural rulings by the trial court.[17] The Ohio appeals court upheld the decisions of the trial court as to all assignments of error.[18] Calhoun failed to timely appeal this decision to the Supreme Court of Ohio, and so the conviction became final on July 16, 2009.[19] A later attempt to *pro se* file a delayed appeal[20] was unsuccessful.[21]

---

[12] ECF # 9, Attachment, Ex. 3.

[13] ECF # 9, Attachment, Ex. 4.

[14] ECF # 9, Attachment, Ex. 5.

[15] ECF # 9, Attachment, Ex. 6.

[16] ECF # 9, Attachment, Ex. 7 at 2-5.

[17] *Id*. at 5-10.

[18] ECF # 9, Attachment, Ex. 9.

[19] *See*, ECF # 9 at 4.

[20] ECF # 9, Attachment, Exs. 10, 11.

[21] ECF # 9, Attachment, Ex. 12.

**B.     Federal habeas petition**

Calhoun filed his present *pro se* petition for federal habeas relief on September 17, 2010.[22] In the petition Calhoun asserts three grounds for relief:[23]

- "[t]he trial court erred in admitting hearsay statements identifying appellant (sic) as the assailant;"[24]

- "[t]he trial court erred in not merging counts 1 and 5 for purposes of sentencing;"[25]

- "[t]he trial court erred in limiting impeachment evidence on cross-examination of Juwaun Leonard."[26]

As discussed above, the State in its return of the writ argues first that the petition is time-barred.[27] The State posits that the petition should not, under the mailbox rule, be considered filed on the date of signature because that date is likely fictitious.[28] Thus, if

---

[22] ECF # 1. The petition itself is signed and dated on June 7, 2010. *Id.* at 7. Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 273 (1988), a prisoner's federal pleading is deemed filed on the date the pleading is given to prison authorities for mailing. But the State observes that the June date is "unlikely" to be the actual date of filing because, if credited, such a date would necessarily mean that Calhoun's signed habeas petition languished for over three months in the prison mail room. ECF # 9 at 6. More likely, as the State further notes, Calhoun attempted to "escape his tardiness by backdating his petition some three months" in the hope that this Court would deem a time-barred petition to be timely. ECF # 9 at 7.

[23] The federal grounds for relief are photocopied pages from Calhoun's state appellate brief and so are styled "assignments of error." *See*, ECF # 1 at 5 A-J.

[24] ECF # 1 at 5 A.

[25] *Id.* at 5 D.

[26] *Id.* at 5 H.

[27] ECF # 9 at 5-7.

[28] *Id.* at 6-7.

considered filed on the date the petition was docketed, the State submits that the petition is beyond the one-year limitations period and so should be dismissed.[29]

Alternatively, the State maintains that all three grounds are procedurally defaulted because they were never presented to the Ohio Supreme Court, and Calhoun's motion to file a delayed appeal in that court was denied.[30] Moreover, the State contends, Calhoun has not attempted to excuse his procedural default by showing cause and prejudice.[31] Indeed, as observed previously, Calhoun did not file a traverse to contest the State's claims in this regard. In addition, the State notes that Calhoun has not raised a claim of actual innocence to excuse the procedural defaults and further notes that the record as set forth by the appeals court contains sufficient evidence to support the findings of guilt.[32]

Accordingly, the State seeks dismissal of the entire petition either as time-barred or as procedurally defaulted.[33]

---

[29] *Id.*

[30] *Id.* at 7-12.

[31] *Id.*

[32] *Id.* at 12.

[33] Although in its conclusion the State speaks of asking that the petition be "denied," resolution of this matter as the State requests on either the petition's untimeliness or on the existence of procedural defaults would result in a dismissal, not a denial, since in neither instance would this Court be addressing the claims on their merits.

## Analysis

**A.    Standard of review**

Under the doctrine of procedural default, the federal habeas court cannot review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[34]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

    (1)    Does a state procedural rule exist that applies to the petitioner's claim?

    (2)    Did the petitioner fail to comply with that rule?

    (3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

    (4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[35]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[36]

---

[34] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[35] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[36] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

If a procedural default is established, the default may be overcome if: (1) the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[37] In addition, procedural default may also be excused by a showing of actual innocence.[38]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[39] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[40] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[41]

## C.  Application of standard

Initially, I recommend bypassing the factual issue of determining the petition's exact filing date, along with the related determination of whether the petition is untimely. Making those determinations given this record would, as noted, require conducting a hearing. Since

---

[37] *Hicks v. Straub*, 377 F.3d 538, 552-52 (6th Cir. 2004) (citations omitted).

[38] *Id*.

[39] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[40] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[41] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

the timeliness of the petition is not a jurisdictional issue,[42] the analysis should proceed to the State's defense of procedural default.[43]

As to this defense, raised by the State in its return of the writ, Calhoun has had notice and a chance to respond,[44] but did not.

Additionally, as to procedural default in this matter, Calhoun failed to raise any of his present grounds for relief before the Supreme Court of Ohio and failed in his attempt to obtain a delayed appeal from the Court.

Although the current petition is exhausted because no further state remedies remain available to Calhoun after the rejection of his motion for delayed appeal, the petition is procedurally defaulted because the highest court in Ohio found that he had violated a procedural rule and relied on that violation as the reason to deny further review of the grounds raised in the petition. The Sixth Circuit has held that the Supreme Court of Ohio's denial of a motion for delayed appeal constitutes a procedural ruling sufficient to bar federal habeas review of grounds that a petitioner would have presented in a delayed appeal.[45]

---

[42] *Day v. McDonough*, 547 U.S. 198, 205 (2006).

[43] *See*, *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)(because "state procedural rules are of vital importance to the orderly administration of its criminal courts," federal habeas courts should "ordinarily" dismiss a petition, where possible, on a claimed procedural default rather than alternative grounds, particularly when the alternative bases for disposition are not easily resolved against the petitioner).

[44] *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002), *amended on reh'g*, 307 F.3d 459 (6th Cir. 2002) (habeas court should not *sua sponte* dismiss claims for procedural default, but should afford petitioner notice of the claimed default and a chance to respond).

[45] *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). *Accord*, *Nelson v. Gansheimer*, No. 1:09 CV 2909, 2011 WL 333070, at *12 (N.D. Ohio Jan. 31, 2011).

Calhoun has not filed a traverse. He has, therefore, made no attempt to overcome the procedural default with a showing of cause and prejudice or by an assertion of actual innocence.

Accordingly, I recommend finding that all three grounds of this petition are procedurally defaulted, and Calhoun has not overcome that default. His entire petition should be dismissed.

## Conclusion

For the foregoing reasons, I recommend that the petition of William Calhoun for a writ of habeas corpus be dismissed as procedurally defaulted.

Dated: December 5, 2011            s/ William H. Baughman, Jr.
                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[46]

---

[46] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).