**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM CALHOUN,** ) | **CASE NO. 1: 10 CV 2083** |
| ) | |
| Petitioner, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| **BENNIE KELLY, WARDEN,** ) | **Memorandum of Opinion and Order** |
| ) | |
| Respondent. ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Baughman (Doc. 10) recommending denial of Petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Report and Recommendation is ACCEPTED and the petition is denied.

**Standard of Review**

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the district court reviews *de novo* the portion of a report of a magistrate judge to which a specific objection is made. In reviewing an objection, the court may accept, reject, or modify any proposed finding or recommendation. 28 U.S.C. § 636(b)(1)(C).

1

**Background**

After a mixed bench and jury trial, Petitioner was convicted in the Cuyahoga County Court of Common Pleas of aggravated murder, attempted murder, felonious assault, retaliation, having a weapon under a disability, and carrying a concealed weapon. Petitioner was sentenced to life imprisonment without the possibility of parole.

Petitioner timely appealed his conviction to the Ohio Court of Appeals. On June 1, 2009, the court of appeals affirmed petitioner's conviction. Petitioner failed to file a timely discretionary appeal to the Ohio Supreme Court. Consequently, petitioner's conviction became final on July 16, 2009, 45 days after the court of appeals decision.

On October 19, 2009, petitioner filed a notice of appeal and a motion for leave to file a delayed appeal to the Ohio Supreme Court. On December 2, 2009, the Ohio Supreme Court denied petitioner leave to seek a delayed appeal and dismissed petitioner's case.

Petitioner filed the pending petition for a writ of *habeas corpus* on September 17, 2010, asserting three grounds for relief.

**Discussion**

Magistrate Judge Baughman recommends that the Court dismiss petitioner's petition on the basis of procedural default.

Procedural default precludes federal courts from reviewing federal claims that the state courts declined to address because of a petitioner's failure to comply with state procedural requirements. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When the Ohio Supreme Court denies a petition for leave to file an untimely appeal, that denial serves as a procedural bar to a subsequent federal *habeas corpus* claim. *Bonilla v. Hurley*, 370 F.3d 494,

497 (6th Cir. 2004). The Magistrate Judge acknowledged that a petitioner who is procedurally defaulted from bringing a federal *habeas* petition may still obtain federal *habeas* review by showing cause for his default and actual prejudice or by demonstrating actual innocence. *See* R&R at 7. However, the Magistrate Judge found that petitioner "made no attempt to overcome [his] procedural default with a showing of cause and prejudice or by an assertion of actual innocence." In particular, petitioner failed to file a traverse to respondent's return of *writ* asserting that petitioner's *habeas* claim was barred on the basis of procedural default. *Id*. at 9. Thus, the Magistrate Judge found that all three grounds asserted in the *habeas* petition procedurally defaulted and recommended dismissal of the petition.

Although petitioner did not file an "objection" to the R&R, petitioner has filed a "Motion to Excuse Procedural Default." (Doc. 13). Petitioner argues in this motion that he "is now raising a claim of actual innocence to Excuse the Procedural default by showing cause and prejudice." Petitioner argues that the cause of his untimely appeal to the Ohio Supreme Court was that he received untimely notice of the Ohio Court of Appeals decision denying his appeal from his appellate counsel. (Mot. at 1.) Petitioner attaches a copy of a letter from his appellate counsel dated July 6, 2009, in which his counsel informed him of the Ohio Court of Appeals decision filed on June 1, 2009. In addition, petitioner attaches a copy of an envelope addressed to him from his counsel stamped "Received July 17, 2009." Petitioner contends this evidence shows that he could not have received notice of the Ohio Court of Appeals decision from his counsel in sufficient time to file an appeal to the Ohio Supreme Court within the time frame required by Ohio's procedural rules (forty-five days).

3

Petitioner's motion is insufficient to overcome his procedural default. While the Sixth Circuit has acknowledged that an attorney's deficient performance in failing to timely notify a defendant of a court of appeals decision may constitute cause for the defendant's failure to file a timely appeal to the Ohio Supreme Court, in order to demonstrate that he suffered prejudice as a result of this failure of counsel, a defendant must demonstrate the he "would have timely appealed" to the Ohio Supreme Court had he received timely notice. *Smith v. Ohio Dep't of Rehabilitation and Corrections*, 463 F.3d 426, 435 (6th Cir. 2006). "[I]f the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing an appeal– here, forty-five days– the defendant fails to demonstrate that he or she 'would have timely appealed' the decision but for the counsel's deficient failure to notify the defendant of the decision." *Id*. Here, petitioner's evidence shows that his counsel's letter notifying him of the court of appeals decision denying his claims was received on July 17, 2009. But petitioner did not file his notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court until October 19, 2009, well beyond the forty-five day limit allotted by state law. Thus, petitioner has failed to demonstrate prejudice as a result of his counsel's failure to notify him of the Ohio Court of Appeals decision. *See Smith*, 463 F.3d at 435-36. Nor has petitioner presented any evidence in his motion that he was "actually innocent."

Thus, aside from the fact that petitioner did not present the arguments he now raises to the Magistrate Judge, petitioner's arguments in his motion are insufficient to overcome the procedural default of his *habeas* claims.

**Conclusion**

For the reasons stated above, the Report and Recommendation of Magistrate Judge Baughman recommending denial of petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 is accepted. The Magistrate Judge correctly determined that petitioner's *habeas* claims are barred by procedural default. Petitioner's Motion to Excuse Procedural Default (Doc. 13) is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/24/12